**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL DURRELL WARD, | No. 13-56805 |
| Petitioner - Appellant, | D.C. No. 5:12-cv-02043-VAP-SH |
| v. | |
| AMY MILLER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 2, 2015
Pasadena, California

Before: SCHROEDER, PREGERSON, and FRIEDLAND, Circuit Judges.

Michael Ward appeals the district court's denial of his petition for writ of

habeas corpus, in which he asserted instructional error and ineffective assistance of

counsel. Ward was first arrested for pimping minors, including the victim in this

case. From jail, Ward made a series of phone calls to a number of his associates.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

During these phone calls, he instructed them on a plan to kill the victim to keep her from talking to the police about his pimping activities. Unknown to Ward and his associates, the police recorded these conversations and ultimately discovered the plan to kill the victim.

At Ward's trial, the Riverside County Superior Court gave an erroneous jury instruction. Ward's trial counsel did not object to this jury instruction. Additionally, Ward's counsel elicited damaging testimony from the prosecution's gang expert. Ward was subsequently convicted of conspiracy to commit murder.

The California Court of Appeal affirmed Ward's conviction. Ward then filed a federal habeas petition, which the district court denied. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

Reviewing the district court's analysis *de novo*, we affirm the district court's denial of Ward's habeas petition. *McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003).

1. Under California law, conspiracy to commit murder cannot be based on a theory of implied malice. *People v. Swain*, 909 P. 2d 994, 998–99, 1001–02 (Cal. 1996). The California Court of Appeal asserted—and both parties agree—that it was error to instruct the jury with the portion of CALCRIM 520 that stated that implied malice is sufficient to establish an intent to kill. Since the State had the

2

burden to prove specific intent—as opposed to implied malice—as an element of the crime of conspiracy to commit murder, the erroneous jury instruction violated Ward's due process rights and thus rises to the level of a constitutional violation.

However, the erroneous jury instruction did not have a "substantial and injurious effect" on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). During closing arguments, the prosecutor explicitly asserted that it was necessary for the jury to find that Ward *intended* for his associate to kill the victim. This supported the prosecutor's prior presentation of evidence during closing arguments that Ward did indeed intend for his associate to kill the victim.

Moreover, when CALCRIM 520 is read in conjunction with CALCRIM 563[1]—with which the jury was also instructed—and the prosecutor's closing statements, it was clear that a specific intent to kill was the requisite state of mind to convict Ward for conspiracy to commit murder, and not simply the lower standard of implied malice. Therefore, the erroneous jury instruction did not prejudice Ward so as to create a substantial and injurious effect on the verdict.

---

[1] CALCRIM 563 stated, in relevant part, "Michael Ward is charged in Count 1 with conspiracy to commit murder. To prove that the defendant is guilty of this crime, the People must prove [*inter alia*] that . . . the defendant intended to agree and did agree with one or more of the other defendants to intentionally and unlawfully kill; [a]t the time of the agreement, the defendant and one or more of the other alleged members of the conspiracy intended that one or more of them would intentionally and unlawfully kill."

3

*Brecht*, 507 U.S. at 637–38.  As a result, the California Court of Appeal decision is not objectively unreasonable nor contrary to established Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 409–10 (2000); 28 U.S.C. § 2254(d).

2.  Ward argues that he was denied his Sixth Amendment right to effective assistance of counsel when his defense attorney, James Curtis, failed to object to CALCRIM 520.  While Curtis's failure to object to a faulty jury instruction may constitute deficient performance, Ward is unable to demonstrate that this failure resulted in prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The instructions as a whole, coupled with the prosecutor's statements, made clear that the jury needed to find that Ward intended to kill the victim to convict Ward of conspiracy to commit murder.  Ward is unable to show a reasonable probability that but for Curtis's error, the outcome of the trial would have been different, or that he was denied a fair trial.  *Id.* at 694.

Ward also fails to demonstrate that Curtis's cross-examination of Phillip Gomez, the prosecution's gang expert, was deficient and resulted in prejudice. While Gomez's testimony about whether or not there was an agreement and intent to kill the victim may have been damaging to Ward, Curtis's subsequent questions to Gomez appear to have been an attempt to impeach this testimony.  As such, this line of questioning, including the attempt to undermine Gomez's crediblity, fell

4

"within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Ward is also unable to prove that Curtis's cross-examination of Gomez was prejudicial. During the trial court's instructions to the jury, the judge stated that the jurors were not required to accept expert witnesses's opinions, and that the jurors were to disregard any expert witness opinion that they found to be unbelievable, unreasonable, or unsupported by the evidence. The evidence demonstrates that Ward repeatedly gave instructions to his associates about the details of the plan to kill the victim, including who would be involved, where the victim lived, which weapon to use, and how to make it look like a robbery. These conversations were captured in recordings and decoded by several members of the plan. The police also recovered the weapon that was discussed in these conversations. In light of the overwhelming evidence against Ward, Ward does not show that the outcome of the trial would have been different if Gomez's testimony had been excluded. The California Court of Appeal decision was not contrary to Supreme Court precedent.

We AFFIRM the district court's denial of Ward's habeas petition.

**AFFIRMED.**